UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

WANDA J. QUISENBERRY,

Plaintiff,

v.                                                          Civil Action No. 4:16cv126

BORGWARNER MORSE TEC INC.,
*et al.*,

Defendants.

## CERTIFICATION ORDER

The United States District Court for the Eastern District of Virginia, Norfolk Division ("Certifying Court"), pursuant to the privilege afforded by the Commonwealth of Virginia under Rule 5:40 of the Rules of the Supreme Court of Virginia, hereby requests the Supreme Court of Virginia to exercise its discretion to answer certified questions of law in this case. The answers to the certified questions will be determinative of the suit now pending before the Certifying Court; Virginia law is applicable thereto; and there does not appear to be controlling precedent in the decisions of the Supreme Court of Virginia or the Court of Appeals of Virginia that directly resolves the controversy. Pursuant to the parameters set forth in Rule 5:40, this Order of Certification sets forth the following information:

## I. THE NATURE OF THE CONTROVERSY IN WHICH THE QUESTION ARISES

This certified question arises from a case involving asbestos exposure that was removed to this Court pursuant to 28 U.S.C. §§ 1442 and 1446. Resolution of this case turns on the issue of whether Virginia law recognizes "take-home" asbestos cases. A take-home case is one in which the plaintiff alleges exposure to asbestos at home from the work clothes of a family member, and the plaintiff seeks to hold the employer liable in negligence for the plaintiff's

1

asbestos-related disease. The parties dispute whether an employer's duty of care extends to the employee's family members in the case of asbestos exposure.

Neither the Supreme Court of Virginia nor the Court of Appeals of Virginia has considered this issue. Circuit courts have split on the issue. A clear and definitive ruling from the Supreme Court of Virginia would assist this case and also clarify other take-home claims that are or may be filed in Virginia. Such "novel, dispositive and difficult questions with wide impact are prime candidates for certification." *West Am. Ins. Co. v. Bank of Isle of Wight*, 673 F. Supp. 760, 764 n.6 (E.D. Va. 1987).

## II. QUESTION OF LAW TO BE ANSWERED

1. Does an employer owe a duty of care to the family member of an employee who alleges exposure to asbestos from the work clothes of the employee, where such exposure takes place off of the employer's premises and the employer has no relationship with the family member?

## III. STATEMENT OF ALL FACTS RELEVANT TO THE QUESTION CERTIFIED

This lawsuit arises out of the development of malignant mesothelioma and the consequent death of Wanda Quisenberry (the "Decedent"), allegedly caused by exposure to asbestos fibers. Plaintiff is the Personal Representative of the Estate of the Decedent and has filed a First Amended Complaint (the "Complaint") against Huntington Ingalls Incorporated, formerly known as Newport News Shipbuilding and Dry Dock Company (the "Shipyard"). Plaintiff asserts a claim for wrongful death.

Plaintiff alleges that Decedent's father, Bennie Plessinger, worked at the Shipyard as a pipefitter and in the maintenance department from approximately 1942 until 1977. ECF No. 60 at 2. The Complaint alleges that during Mr. Plessinger's employment at the Shipyard, he

2

"worked with asbestos containing products that caused asbestos dust and fibers to adhere to his person and clothing, which he then carried home." *Id.* Plaintiff alleges that as a result, Decedent was exposed to asbestos in the home and the family car from the time of her birth in 1950 until she moved out of the family home in 1969. *Id.* at 3.

Plaintiff alleges that the Shipyard was negligent in failing to warn or educate Mr. Plessinger of the dangers of bringing asbestos home on his clothing and in failing to provide Mr. Plessinger with knowledge of safeguards to avoid taking asbestos home. Plaintiff also asserts that Defendant was negligent in failing to provide a locker room, showers or laundry service to prevent Mr. Plessinger from bringing asbestos home, failing to instruct Mr. Plessinger on the safe handling of asbestos-containing products, and in failing to take steps to prevent the contamination of workers' homes with asbestos. *Id.*

The Shipyard responds that it owed Decedent no legal duty, and that Plaintiff's claims against it must fail as a matter of law. The Shipyard has filed a Motion to Dismiss the Complaint. The Virginia Supreme Court has not addressed the alleged take-home duty raised in this case, and there is a split of authority among the Virginia circuit courts regarding this issue.

## IV. THE NAMES OF EACH OF THE PARTIES INVOLVED

**Plaintiff:** Wesley J. Quisenberry, *(Personal Representative of the Estate of Wanda J. Quisenberry, deceased)*

**Defendants:**

Borgwarner Morse Tec Inc. *(sued individually and as successor-in-interest to Borgwarner Corporation, a Delaware corporation)*

Dana Companies, LLC *(a Virginia corporation f/k/a Dana Corporation)*

Ford Motor Company *(a Delaware corporation)*

3

Honeywell International Inc. *(sued individually and as successor-in-interest to Alliedsignal Inc.,*

*successor to Bendix Corporation, a Delaware corporation)*

Huntington Ingalls Incorporated *(a Virginia corporation formerly known as Newport News*

*Shipbuilding and Dry Dock Company)*

Kelsey-Hayes Company *(a Delaware corporation)*

Navistar, Inc. *(a Delaware corporation d/b/a International Truck and Engine Corporation, f/k/a*

*International Harvester)*

## V. CONTACT INFORMATION AND VIRGINIA BAR NUMBERS OF PARTIES

**Counsel for Plaintiff:**
Jonathan A. George
Waters & Kraus, LLP
10136 Cherokee Rd
Richmond, VA 23235
(757) 593-7127
Email: jonathan.george66@gmail.com
Bar # 25481

Peter A. Kraus
Waters & Kraus LLP
3219 McKinney Ave
Suite 3000
Dallas, TX 75204
214-357-6244
Fax: 214-357-7252
Bar # 25547

Charles S. Siegel
Waters & Kraus LLP
3219 McKinney Ave
Dallas, TX 75204
 (214) 357-6244
Fax: (214) 357-7252
Email: siegel@waterskraus.com
Bar # 18341875

Patrick Wigle
Waters & Kraus, LLP
3141 Hood St
Suite 700
Dallas, TX 75219
 (214) 357-6244
Fax: (214) 357-7252
Email: pwigle@waterskraus.com
Bar # 24058779

**Counsel for Borgwarner Morse Tec Inc.:**
Christopher John Wiemken
Taylor & Walker PC
555 Main St
PO Box 3490
Norfolk, VA 23514-3490
(757) 625-7300
Email: cwiemken@taylorwalkerlaw.com
Bar # 43299

Gerard Ernest Wilfrid Voyer
Taylor Walker PC
555 E Main St
Suite 1300
Norfolk, VA 23510
(757) 625-7300
Fax: (757) 625-1504
Email: gvoyer@taylorwalkerlaw.com
Bar # 04372

**Counsel for Dana Companies, LLC:**
Johan Daniel Flynn
DeHay & Elliston, LLP
36 S. Charles St
Suite 1400
Baltimore, MD 21201
 (410) 783-7225
Fax: (410) 783-7221
Email: jflynn@dehay.com
Bar # 27541

Richard Thomas Radcliffe , Jr.
Dehay & Elliston LLP
36 S Charles St
13th Floor
Baltimore, MD 21201
(410) 637-3690
Email: rtr@dehay.com
Bar # 34711

**Counsel for Ford Motor Company:**
Sandra Giannone Ezell
Bowman and Brooke, LLP
901 E Byrd St
Suite 1500
Richmond, VA 23219
(804) 649-8200
Bar # 42176

Addie K. S. Ries
Smith, Anderson, Blount, Dorsett, Mitchell & Jerrnigan, LLP
P. O. Box 2611
Raleigh, NC 27602-2611
(919) 821-1220
Fax: (919) 821-6800
Email: aries@smithlaw.com
Bar # 31759

Christopher William Bascom
Bowman & Brooke LLP (VA)
901 East Byrd Street
Suite 1650
Richmond, VA 23219
804-819-1138
Email: christopher.bascom@bowmanandbrooke.com
Bar # 87302

Christopher Ray Kiger
Smith, Anderson, Blount, Dorsett, Mitchell & Jerrnigan, LLP
P. O. Box 2611
Raleigh, NC 27602-2611
 (919) 821-1220
Fax: (919) 821-6800
Email: ckiger@smithlaw.com
Bar # 28618

Mary Elliott Neal
Bowman & Brooke LLP (VA)
901 East Byrd Street
Suite 1650
Richmond, VA 23219
(804) 819-1144
Fax: (804) 649-1762
Email: elliott.neal@bowmanandbrooke.com
Bar # 82462

**Counsel for Honeywell International Inc.:**
Lynn Kanaga Brugh , IV
Williams Mullen (Richmond)
200 South 10th Street
16th Floor
PO Box 1320
Richmond, VA 23219
(804) 420-6461
Fax: (804) 420-6507
Email: lbrugh@williamsmullen.com
Bar # 36778

**Counsel for Huntington Ingalls Incorporated:**
Alexandra Brisky Cunningham
Hunton & Williams LLP
951 E Byrd St
Riverfront Plaza
Richmond, VA 23219
(804) 787-8087
Email: acunningham@hunton.com
Bar # 46197

Wendy Cohen McGraw
Hunton & Williams LLP (Norfolk)
500 E Main St
Suite 1000
Norfolk, VA 23510
(757) 640-5300
Fax: (757) 625-7720
Email: wmcgraw@hunton.com
Bar # 37880

Merideth Bryant Snow Daly
Hunton & Williams LLP (Richmond)
951 E Byrd St
Riverfront Plaza - East Tower
Richmond, VA 23219
(804) 788-8645
Fax: (804) 343-4777
Email: mdaly@hunton.com
Bar # 86102

**Counsel for Kelsey-Hayes Company:**
Bruce Taylor Bishop
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave
Suite 2200
Norfolk, VA 23510
(757) 628-5500
Fax: (757) 628-5566
Bar # 16029

Kevin Patrick Greene
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave
Suite 2200
Norfolk, VA 23510
(757) 628-5500
Fax: (757) 628-5566
Email: kgreene@wilsav.com
Bar # 48334

Michele Britton Dallman
Willcox & Savage PC
Wells Fargo Center
440 Monticello Ave
Suite 2200
Norfolk, VA 23510
(757) 628-5500
Fax: (757) 628-5566
Bar # 83874

**Counsel for Navistar, Inc.:**
Eric George Reeves
Moran Reeves & Conn PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
(804) 421-6250
Fax: (804) 421-6251
Email: ereeves@mrcpclaw.com
Bar # 38149

Lisa Moran McMurdo
Moran Reeves & Conn PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
804-864-4846
Fax: 804-864-9418
Bar # 44371

Martin Andrew Conn
Moran Reeves & Conn PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
(804) 421-6250
Fax: (804) 421-6251
Email: mconn@mrcpclaw.com
Bar # 39133

Mary Louise Roberts
Moran Reeves & Conn PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
(804) 864-4841
Email: mroberts@mrcpclaw.com
Bar # 34305

## VI. BRIEF STATEMENT REGARDING THE DETERMINATIVE NATURE OF THE CERTIFIED QUESTION

The Supreme Court of Virginia has instructed that the "finding of a legal duty" is a "prerequisite to a finding of negligence." *Jeld-Wen, Inc. v. Gamble*, 256 Va. 144 (1998). "Without a legal duty there can be no cause of action for an injury." *Id.* at 147. Plaintiff claims

that the Shipyard was negligent. To prevail on that claim, Plaintiff must first demonstrate that the Shipyard owed Decedent a duty. The existence of a legal duty is a question of law. *Burns v. Johnson*, 250 Va. 41, 45 (1995). This is a threshold legal question for this Court. *Marshall v. Winston*, 239 Va. 315, 318 (1990).

The question of whether the Shipyard owed Decedent any duty in this case is determinative. If the Supreme Court answers the question in the negative, Plaintiff's claims against the Shipyard will be subject to dismissal. If the Supreme Court answers the question in the affirmative, Plaintiff's claims against the Shipyard will proceed. Therefore, the Certifying Court wishes to defer to the Virginia Supreme Court's interpretation of whether a take-home duty exists under Virginia law.

## VII. BRIEF STATEMENTS REGARDING WHY RELEVANT DECISIONS ARE NOT CONTROLLING

Whether a take-home duty exists has not been decided by the Virginia Supreme Court or the Court of Appeals of Virginia. Additionally, the Virginia circuit courts are split on whether a take-home duty exists. *See Cantrell v. 3M Company*, CL13-3827-00 (Va. Cir. Sept. 24, 2015) (holding that "the 'take home' negligence cause of action . . . is not recognized under Virginia law."). *But see Mitchell v. E.I. Du Pont de Nemours & Co.*, CL05-251 (Va. Cir. Sept. 11, 2007) (holding that "Defendant had 'reason to know that [its actions were] likely to produce injury' to its workers' housemates"); Transcript of Proceedings at 40, *Vincent v. Garlock Sealing Tech.*, CL0337336P-03 (Va. Cir. Oct. 27, 2006) (holding that the plaintiff sufficiently pled a claim of negligence against employer-defendants).

## CONCLUSION

For the reasons set forth above, the Certifying Court respectfully requests that the Supreme Court of Virginia accept and answer the question certified herein. The Clerk is

**DIRECTED** to forward this Order of Certification under the Certifying Court's official seal to the Supreme Court of Virginia. The Clerk is further authorized to transmit the original or copies of all or any portions of the record in this case that the Supreme Court of Virginia requests.

    **IT IS SO ORDERED.**

Arenda L. Wright Allen
United States District Judge

Nov 3rd , 2017
Norfolk, Virginia

11