UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

WESLEY J. QUISENBERRY,
Personal Representative of the
ESTATE OF WANDA J. QUISENBERRY,
deceased

                    Plaintiff,

v.                                                   Civil Action No. 4:16cv126

BORGWARNER MORSE TEC INC.,
*et al.*,

                    Defendants.

## **ORDER**

Currently pending before the Court is a Motion to Supplement Certification Order (ECF No. 110) filed by Defendants Kelsey-Hayes Company, Ford Motor Company, BorgWarner Morse TEC LLC, Navistar, Inc., Dana Companies, LLC and Honeywell International Inc. (collectively, "the Automotive Parts Defendants"). For the reasons stated herein, Defendants' Motion must be **DENIED**.

### I.    BACKGROUND

On June 14, 2016, Plaintiff filed this action in the Circuit Court for the City of Newport News, alleging state law claims against several Defendants for asbestos exposure. On July 21, 2016, Defendant Huntington Ingalls ("HII") filed a Notice of Removal on the basis of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

On June 16, 2017, HII filed a Motion to Certify Question to the Supreme Court of Virginia. ECF No. 59. On August 8, 2017, the Automotive Parts Defendants filed a separate Motion to Certify Question to the Supreme Court of Virginia. ECF No. 78. This Court granted

both Motions on October 19, 2017. ECF Nos. 104 and 105. The Court subsequently issued its Certification Order (ECF No. 108) to the Virginia Supreme Court, which the Virginia Supreme Court has accepted. ECF No. 109.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60 permits courts to correct errors. Errors are classified as either clerical or substantive. Fed. R. Civ. P. 60(a) and Fed. R. Civ. P. 60(b). "Rule 60(a) applies when 'the court intended one thing but by merely clerical mistake or oversight did another.'" *RG Steel Sparrows Point, LLC v. Kinder Morgan Bulk Terminals, Inc.*, No. WMN-09-1668, 2014 WL 11460462, at *1 (D. Md. May 6, 2014) (quoting *Rhodes v. Hartford Fire Ins. Co.*, 548 F. App'x 857, 859 (4th Cir. 2013)).

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Examples of clerical errors include correcting erroneous interest provisions of a judgment. *See Kosnoski v. Howley*, 33 F.3d 376, 378 (4th Cir. 1994). Relief under Rule 60(a) is unavailable if an order correctly reflects the court's ruling, even if this ruling is in error. "Rule 60(a) does not provide for the correction of the deliberate choice of the district judge[.]" *Rhodes*, 548 F. App'x at 859 (quoting *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 195–96 (5th Cir. 2011)).

Relief of substantive errors is available under Rule 60(b). A movant seeking relief under Rule 60(b) must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). Once met, a movant must then "satisfy one of the six specific sections of Rule 60(b)." *Id.*

## III. ANALYSIS

Relief is unavailable to the Automotive Parts Defendants under Rule 60(a). The amendment proposed by the Automotive Parts Defendants would alter the Court's carefully constructed ruling. A federal district court may submit a certified question of Virginia law if the question is "determinative in any proceeding pending before the certifying court and it appears there is no controlling precedent on point." Va. Sup. Ct. R. 5:40. The scope of the question certified to the Virginia Supreme Court encompasses the unresolved issues presented without asking the state supreme court to alter or modify existing law.

Relief is also unavailable under Rule 60(b). The Automotive Parts Defendants make no threshold showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and the existence of exceptional circumstances. Even if the movants had made an adequate threshold showing, their Motion is devoid of any argument suggesting that they are entitled to relief under Rule 60(b)(1)–(6). Rather, the Automotive Parts Defendants seek amendment of the Court's certified question without providing any basis for doing so.[1]

## IV. CONCLUSION

For the foregoing reasons, the Motion to Supplement Certification Order (ECF No. 110) filed by Defendants Kelsey-Hayes Company, Ford Motor Company, BorgWarner Morse TEC LLC, Navistar, Inc., Dana Companies, LLC and Honeywell International Inc. is **DENIED**. The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

---

[1] The Automotive Parts Defendants fail to provide even one citation to relevant case law indicating that this Court would need further clarification or direction in an absence of controlling precedent to resolve the pending Motion to Dismiss after the Virginia Supreme Court answers the certified question. Instead, the Automotive Parts Defendants have acknowledged that there is a "substantial similarity of the arguments and issues on the merits of the Shipyard's legal position and the Automotive Parts Defendants' position." ECF No. 78 at 3.

3

IT IS SO ORDERED.

_/s/_
Arenda L. Wright Allen
United States District Judge

Dec 21st , 2017
Norfolk, Virginia